UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

DEREK DEWAYNE HARRIS                    CIVIL ACTION NO. 14-cv-2872

VERSUS                                  JUDGE HICKS

WARDEN, WINN CORRECTIONAL               MAGISTRATE JUDGE HORNSBY
CENTER

## REPORT AND RECOMMENDATION

**Introduction**

A Shreveport police officer made a traffic stop of a vehicle driven by Derek Dewayne Harris ("Petitioner"), and a pat down led to the discovery of drugs. Plaintiff filed a motion to suppress, but it was denied. He then pleaded guilty to possession of cocaine, possession of marijuana with intent to distribute, and battery of a police officer, reserving his right to appeal the denial of his motion to suppress. The appellate court affirmed the denial of the motion to suppress but modified the sentences in some respects. State v. Harris, 140 So.3d 1226 (La. App. 2d Cir. 2014), writ denied, 158 So.3d 810 (La. 2015).

Petitioner now seeks federal habeas corpus relief on three grounds: (1) the state appellate court erred in finding that the police officer had probable cause to conduct a traffic stop, (2) the state appellate court erred in denying Petitioner a copy of the appellate record, and (3) the state appellate court erred in upholding Petitioner's guilty plea even though it was based on the use of unconstitutionally obtained evidence. For the reasons that follow, it is recommended that the petition be denied.

**Suppression Issues**

Shreveport police Sgt. W. W. Lindsey, Jr. was working a special detail designed to reduce crime in a high-crime area in Shreveport. At about 10:30 p.m. one night he saw a Chevrolet Tahoe but did not see a visible license plate. He activated his emergency lights, but the SUV continued through an intersection before pulling over on the shoulder of the road.

Once the SUV stopped, the officer used his car's spotlight and saw that the SUV did have a temporary license tag taped on the inside of the dark-tinted rear window. The officer asked Petitioner, the driver, to get out of the vehicle, and Petitioner did so. Petitioner told the officer that there were two other persons in his SUV, and the officer called for backup. He noted that Petitioner kept looking around in an unusual manner.

Once the backup officer arrived, Officer Lindsey asked Petitioner to put his hands on the front bumper of the patrol car for a pat down for officer safety. Lindsey felt a bulge in Petitioner's pants pocket, which he suspected was drugs. Petitioner promptly broke away and attempted to run, but he tripped and fell about 10 feet away. Officer Lindsey also fell, and the two men struggled. Some plastic baggies containing drugs fell out of Petitioner's pants during the struggle. The officers eventually subdued Petitioner, and a search incident to the arrest revealed 65 grams of cocaine, 11 individually wrapped crack rocks, and 10 grams of marijuana.

Judge Craig Marcotte held a suppression hearing and heard evidence regarding the

traffic stop and search, which included video from the patrol car. The court found that there was justification for the traffic stop because the license plate was not visible, and Sgt. Lindsey acted reasonably when he decided to pat down Petitioner for weapons. The appellate court upheld this decision, noting that the video recording supported the testimony that the temporary tag was not initially visible; a state law required that it be displayed in a clearly visible place and position. The temporary tag was also expired, which Petitioner blamed on a mistake by the dealership that completed the tag.

Petitioner, in his habeas petition, attempts to reargue the suppression issues. He claims that the temporary tag was actually clearly visible, and he argues that the detention went on longer than reasonably necessary. (The State represents that the video shows that less than two minutes passed from the time Petitioner got out of the SUV until the pat down began.) Petitioner also challenges the officer's grounds for conducting a Terry frisk after the traffic stop was made. The state court found that the frisk was justified for officer safety, given the multiple occupants of the SUV, that it was night in a high-crime area, and Petitioner was acting strangely.

This court need not revisit the state court's decision of the Fourth Amendment issues. That is because a federal habeas court is generally barred from reviewing Fourth Amendment claims. Stone v. Powell, 96 S.Ct. 3037 (1976). In Stone, the Court held that "where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." 96 S.Ct. at

3037. To satisfy the "opportunity for full and fair litigation" requirement, the state need only provide the processes whereby a defendant can obtain full and fair litigation of a Fourth Amendment claim. Stone bars federal habeas consideration of that claim whether or not the defendant employs those available processes. Janecka v. Cockrell, 301 F.3d 316, 320 (5th Cir. 2002).

Petitioner took full advantage of the opportunity Louisiana law afforded him to litigate his Fourth Amendment claims. He had a full evidentiary hearing, and the issues were thoroughly explored on direct appeal. The Stone bar applies to all claims arising under the Fourth Amendment, including challenges to an arrest or the seizure of evidence. Hughes v. Dretke, 412 F.3d 582, 596 (5th Cir. 2005). Stone plainly forecloses federal review of Petitioner's Fourth Amendment claims.

**Transcript**

Petitioner entered his guilty plea in September 2009, reserving his right to challenge on appeal the denial of his motion to suppress. An appeal was not filed immediately after the conviction, and Petitioner filed an application for post-conviction relief in 2012 that eventually resulted in the state appellate court granting him an out-of-time appeal. Tr. 118.0052. The trial court issued an order in August 2013 that found Petitioner indigent and appointed the Louisiana Appellate Project to represent him on appeal. Tr. 374. Petitioner filed in October 2013 a motion that he be allowed a photocopy of the record "for appellate purposes per se," citing Griffin v. Illinois, 76 S.Ct. 585 (1956). The appellate court denied the request. Tr. 418. At about the same time, appointed counsel filed a brief to support the

direct appeal. The brief thoroughly addressed the suppression issues and was filled with record citations. Tr. 382-92.

After the appellate court affirmed the conviction, Petitioner filed a pro se writ application to the Supreme Court of Louisiana in June 2014. Tr. 442. The application raised the suppression issues, an argument that appellate counsel was ineffective for not ensuring that the dash cam video was part of the record, and an argument that the appellate court deprived Petitioner of a complete review of all evidence by not reviewing the video. Tr. 445 - 54. The application did not include an argument that Petitioner was denied a transcript.

Petitioner's first problem is his failure to exhaust his state court remedies on the claim that he was denied access to the trial transcript. An application for a writ of habeas corpus "shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). The requirement is designed to give the state courts a first opportunity to correct alleged violations of federal rights. Baldwin v. Reese, 124 S.Ct. 1347, 1349 (2004). To satisfy it, a prisoner must fairly present his federal claim in each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting the state courts to the federal nature of the claim. Id; O'Sullivan v. Boerckel, 119 S.Ct. 1728, 1732 (1999). Petitioner filed one motion with the appellate court on this issue, but there is no indication that he pursued it further and in a manner that would constitute proper exhaustion.

Any attempt to present this claim to the state courts now would be time barred under state law. La. C. Cr. P. art. 930.8. In such cases, the Fifth Circuit instructs that the federal

court is to treat the issue as technically exhausted but subject to a procedural bar which cannot be overcome absent the showing of cause and prejudice or a fundamental miscarriage of justice. Jones v. Jones, 163 F.3d 285, 296 (5th Cir. 1998); Sones v. Hargett, 61 F.3d 410 (5th Cir. 1995). The State raised this defense in its brief, and Petitioner filed a reply. He argued that the filings discussed above constituted exhaustion (they do not), but he did not attempt to make a showing of cause and prejudice for his failure to properly present the issue to the state courts.

     The claim also fails on the merits. Petitioner first sought a copy of the transcript at a time when he was represented by counsel to handle his direct appeal. Courts have rejected habeas claims based on the assertion that a prisoner was entitled to a copy of the transcript so that he could prepare a pro se appellate brief even though he was represented by counsel. Potter v. Quarterman, 2006 WL 2168359, *10 (S.D. Tex. 2006); Rosado v. Unger, 2012 WL 5871607, **9-10 (S.D. N.Y. 2012), R&R adopted, 2012 WL 5871606 (S.D. N.Y. 2012) (collecting cases holding that a defendant represented by counsel who has access to the transcript does not have a constitutional right to another free transcript for purpose of preparing a pro se supplemental brief). To the extent Petitioner argues that he needed a transcript to complete his discretionary writ application, the application itself indicates that Petitioner did have a copy of the record. It contains a number of record citations and descriptions of items in the record. See, e.g., Tr. 445. The State must provide an indigent defendant with a trial transcript free of charge when it is necessary for meaningful appellate review, but the State is not obligated to automatically supply a transcript to allow a fishing

expedition or if the parts requested are not germane to the issues on appeal. <u>Kunkle v. Dretke</u>, 352 F.3d 980, 985-86 (5th Cir. 2003). Petitioner has not demonstrated how the lack of a transcript at any stage of the proceedings prejudiced his ability to present his case. Accordingly, this claim lacks merit.

**The Guilty Plea**

Defense counsel and the prosecutor announced to the court that a plea agreement had been reached that included a reservation of Petitioner's right to appeal the trial court's ruling on the motion to suppress. Petitioner was called before the judge and, after a full <u>Boykin</u> colloquy, entered a guilty plea. He said that he understood what he was doing, had no questions, and wished to enter his guilty plea. Tr. 308-16.

Petitioner argues in his habeas petition, apparently for the first time, that the state appellate court erred in upholding his guilty plea that was based on allegedly unconstitutionally obtained evidence. The validity of the guilty plea was not argued before the appellate court. Petitioner offers no argument in support of this claim; he merely lists it at the beginning of his brief. This appears to be simply another attack on the suppression ruling. The claim was not properly exhausted, and it lacks merit.

Accordingly,

**IT IS RECOMMENDED** that Petitioner's petition for writ of habeas corpus relief be denied.

**Objections**

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

An appeal may not be taken to the court of appeals from a final order in a proceeding under 28 U.S.C. § 2254 unless a circuit justice, circuit judge, or district judge issues a certificate of appealability. 28 U.S.C. § 2253(c); F.R.A.P. 22(b). Rule 11 of the Rules Governing Section 2254 Proceedings for the U.S. District Courts requires the district court to issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate may issue only if the applicant has made a substantial showing of the denial of a constitutional right. Section 2253(c)(2). A party may, within fourteen (14) days

from the date of this Report and Recommendation, file a memorandum that sets forth arguments on whether a certificate of appealability should issue.

THUS DONE AND SIGNED in Shreveport, Louisiana, this 14th day of July, 2017.

Mark L. Hornsby
U.S. Magistrate Judge